UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In Re:

ROBERT D. MORT RANTA,

    Debtor.    Case No: 11-18842-RGM

SUNTRUST BANK

    Movant,    Chapter 13

v.

ROBERT D. MORT RANTA,
MICHELLE A. MORT RANTA, Co-Debtor,
THOMAS P. GORMAN, Trustee,

    Respondents.

CONSENT ORDER MODIFYING AUTOMATIC STAY

This matter was before the Court on January 6, 2016 on the Motion of SunTrust Bank, for relief from the automatic stay with respect to the real property located at 10202 Forest Lake Dr, Geat Falls, VA 22066 and more particularly described as follows:

Melissa M. Watson Goode, VSB #73516
Robyn D. Pepin, VSB #77784
Kelly Rae Gring, VSB #75999
Glasser and Glasser, P.L.C.
Crown Center, Suite 600
580 East Main Street
Norfolk, Virginia 23510
757-625-6787
Attorneys for SunTrust Bank

THAT CERTAIN PIECE OR PARCEL OF LAND, AND THE BUILDINGS AND IMPROVEMENTS THEREON, KNOWN AS: 10202 FOREST LAKE DR

IN THE TOWN OF: GREAT FALLS

COUNTY OF: FAIRFAX

STATE OF: VIRGINIA

BEING MORE PARTICULARLY DESCRIBED IN A DEED RECORDED IN:

BOOK: 11290 PAGE: 1528

PROPERTY IDENTIFICATION:

PIN: 0072 12 0002

PROPERTY DESCRIPTION:

LOT: 2

SUBDIVISION: FOREST LAKE ESTATES

UPON consideration of which, it is ORDERED:

1. The Debtor will resume making regular <u>variable</u> monthly installment payments as they become due commencing on January 12, 2016. Late payments will include applicable late charges in the amount of $0.00.

2. The Debtor will cure the post-petition arrearage currently due to the Movant through December 31, 2015 in the total amount of $816.49, by making the following payments:

   a. $408.25 on or before December 16, 2015 (received and applied to account)
   b. $408.24 on or before January 12, 2016

3. In the event that any payment required by this Order is not received by the Movant within 15 days after it is due, the Movant may mail a notice of default to the Debtor by first class

mail, postage prepaid, (and, if it desires, also by certified or registered mail) with a copy to Debtor`s counsel and the trustee by first class mail, postage prepaid, or by email at the same time as the notice of default is mailed to the Debtor. The notice of default will state in simple and plain language:

a. That the Debtor is in default in making at least one payment required under this Order;
b. The dates and amount of each payment missed and any late charge or other fee necessary to cure the default;
c. The action necessary to cure the default, including any address to which payments must be mailed;
d. That the Debtor or trustee must take one of the following actions within fourteen days after the date of the mailing of the notice of default:
   i. cure the default;
   ii. file an objection with the Court stating that no default exists; or
   iii. file an objection with the Court stating any other reason why an Order granting relief from the automatic stay should not be entered;
e. That if the Debtor or trustee do not take one of the actions set forth in paragraph 3(d), the Movant may file a certificate that it has complied with the terms of this Order and that the Court may grant relief from the automatic stay without further notice to the Debtor; and
f. That if the automatic stay is terminated, the collateral may be sold at foreclosure.

If the Debtor or trustee do not take one of the actions set forth in paragraph 3(d), the Movant may submit a certificate stating that it has complied with the terms of this Order and that neither the Debtor nor the trustee have taken one of the actions set forth in paragraph 3(d) and may submit together with the certificate a draft order terminating the automatic stay.

If the Debtor or trustee file an objection, the Movant must set the matter for hearing and give notice of the hearing to the Debtor, Debtor`s counsel and the trustee. At the hearing, the Court may terminate the stay or take other action appropriate to the circumstances.

4. The provisions of this Order with respect to regular monthly installment payments expire one year after the date of the entry of this Order. In the event of the default in payment of

any regular monthly installment payment due more than one year after the date of the entry of this Order, the Movant must obtain relief by filing a new Motion for Relief from Stay with appropriate notice and hearing.

5. Until an Order is entered terminating the automatic stay, the Movant may not refuse to accept or apply payments tendered by the Debtor, even if such payments are late or in an improper amount; however, acceptance of non-conforming payments is without prejudice and shall not constitute a waiver of any default.

6. The automatic stay is modified to permit the noteholder or servicing agent to send the Debtor payment coupons, payment statements or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business.

7. Should the Debtor default pursuant to the terms contained herein, unless otherwise ordered by this Court, the Movant shall be entitled to reasonable attorney's fees in the amount of $0.00 for issuance of a notice of default, and an additional $0.00 for issuance of a certificate of default and preparation of an Order terminating the automatic stay.

8. Relief is granted as to Michelle A. Mort Ranta, the Co-Debtor, from the automatic stay imposed by 11 U.S.C. Section 1301(a) to the same extent and on the same terms and conditions as granted as to the Debtor.

Alexandria, Virginia

Jan 27 2016
_____, 2016.

/s/ Robert G. Mayer

---
ROBERT G. MAYER
United States Bankruptcy Judge

Entered on Docket: Jan 27 2016

I ask for this:

/s/ Melissa M. Watson Goode
Melissa M. Watson Goode, Attorney for Movant

Seen and agreed:

/s/ Daniel M. Press by Melissa M. Watson Goode pursuant to written authorization
Daniel M. Press, Attorney for Debtor

Seen:

/s/ Thomas P. Gorman by Melissa M. Watson Goode pursuant to written authorization
Thomas P. Gorman, Trustee

CERTIFICATE

The undersigned certifies that the foregoing Consent Order Modifying Automatic Stay is identical to the form Order required by Administrative Order 10-2 and that no modification, addition, or deletion has been made except as to the addition of the language pertaining to the co-debtor relief in paragraph 8.

/s/ Melissa M. Watson Goode
Melissa M. Watson Goode

CERTIFICATE

The undersigned certifies that the foregoing Consent Order Modifying Automatic Stay has been endorsed by or on behalf of all necessary parties herein.

/s/ Melissa M. Watson Goode
Melissa M. Watson Goode

PARTIES TO RECEIVE COPIES:

Daniel M. Press, Esquire (Via electronic transmittal)

Thomas P. Gorman, Trustee (Via electronic transmittal)

Robert D. Mort Ranta
10202 Forest Lake Dr.
Great Falls, VA 22066

Michelle A. Mort Ranta
10202 Forest Lake Dr.
Great Falls, VA 22066

Melissa M. Watson Goode, Esquire (Via electronic transmittal)